UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DOMINICK'S FINER FOODS, | ) | CV 10-00836-SVW (PWJx) |
|  | ) |  |
| Plaintiff, | ) | ORDER REMANDING CASE TO LOS |
|  | ) | ANGELES SUPERIOR COURT |
| v. | ) | [JS-6] |
|  | ) |  |
| NATIONAL CONSTRUCTION SERVICES, INC.; CINCINNATI INSURANCE COMPANY and Does 1 to 10 inclusive, | ) ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

## I. INTRODUCTION

This is a breach of contract suit arising out of a separate personal injury suit in Illinois state court. The case was initially filed in Los Angeles Superior Court, and Defendant Cincinnati Insurance Company removed based on diversity jurisdiction, alleging that National Construction Services, Inc. is a sham or fraudulently joined defendant.

## II. BACKGROUND

Plaintiff Dominick's Finer Foods is a Delaware Corporation with a principal place of business in Oak Brook, Illinois. Plaintiff alleges

that it is "owned" by Safeway, Inc., a corporation with its principal place of business in California. Defendant National Construction is a dissolved corporation that prior to its dissolution was incorporated and had its principal place of business in Illinois. A corporation of that name has a forfeited registration with the California Secretary of State to receive service of process in California. (California Secretary of State, Business Entities, available at http://kepler.sos.ca.gov/cbs.aspx.) Defendant Cincinnati Insurance Company is an Ohio corporation with its principal place of business in Ohio.

On June 12, 2006, Safeway and National Construction Services entered into a construction contract for remodeling Plaintiff's store in Carol Stream, Illinois. The contract required National Construction to maintain liability insurance for personal injury during the performance of the contract. The contract required that the insurance policy cover both Safeway and its subsidiaries. (Brown Decl., Ex. A at 45.) National Construction was then issued a liability insurance policy from Defendant Cincinnati Insurance Company. The parties have not submitted the insurance contract, but it appears that Plaintiff alleges that it is covered under the insurance policy.

One of Plaintiff's employees, Tony Greco, was injured during a work related incident while National Construction was remodeling Plaintiff's store. Mr. Greco filed suit against National Construction for personal injuries in Illinois state court. National Construction filed a third-party contribution complaint against Plaintiff, alleging that Plaintiff's negligence caused Mr. Greco's injuries. Plaintiff asked Cincinnati Insurance Company to give Plaintiff additional insured status under the contract, but Cincinnati refused. Plaintiff then

2

filed this action against National Construction and Cincinnati Insurance Company in Los Angeles Superior Court on November 19, 2009, alleging breach of contract.  Defendant Cincinnati filed a Notice of Removal on February 4, 2010, claiming that National Construction was fraudulently joined in order to defeat jurisdiction.  This Court issued an Order to Show Cause on February 9, 2010, requiring Defendant to show why the case should not be remanded.  The Court ordered Defendant to cite specific factual and legal authority.

**III.   LEGAL STANDARD GOVERNING REMOVAL AND REMAND**

The threshold question in this case, as in all cases, is whether the Court's exercise of jurisdiction is proper.  <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1194-95 (9th Cir. 1988); <u>see also</u> <u>Hertz Corp. v. Friend</u>, 559 U.S. __, slip op. at 15 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]") (citing <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 514 (2006)).

Here, Defendants removed the action pursuant to 28 U.S.C. § 1441(b), which permits removal under this Court's diversity jurisdiction, 28 U.S.C. § 1332.  Generally, "[t]he presence of the nondiverse party automatically destroys original [subject matter] jurisdiction." <u>Wis. Dept. of Corrections v. Schacht</u>, 524 U.S. 381, 389 (1998).  However, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." <u>McCabe v. Gen. Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987); <u>see also</u> <u>Zogbi v. Federated Dept. Store</u>, 767 F. Supp. 1037, 1041 (C.D. Cal. 1991).  Such fraudulently joined "sham defendants" are

disregarded for purposes of determining subject matter jurisdiction, and the Court's exercise of diversity jurisdiction is proper. See McCabe, 811 F.2d at 1339. But if the defendant is not fraudulently joined, the case should be remanded to state court pursuant to 28 U.S.C. § 1447(c). See Hunter v. Philip Morris USA, 582 F.3d 1039, 1048 (9th Cir. 2009).

In applying the fraudulent joinder rule, it should be emphasized that the state law must be "settled" and the complaint's deficiency must be "obvious." See McCabe, 811 F.3d at 1339. These standards reflect the "general presumption against fraudulent joinder" that complements the "strong presumption against removal jurisdiction." Hunter, 582 F.3d at 1046. Federal courts "strictly construe the removal statute against removal jurisdiction," such that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted); see also Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

In order to determine if a defendant is properly joined, the Court may consider extrinsic facts "showing the joinder to be fraudulent." McCabe, 811 F.2d at 1339. In quoting from the Fifth Circuit's decision in Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 576 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005), the Ninth Circuit has endorsed the view that, while the court may consider facts outside the complaint, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Hunter, 582 F.3d at 1044 (quoting Smallwood, 385 F.3d at 573-74). The Ninth

4

Circuit further explained that "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper," and "an inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Id. (quoting Smallwood, 385 F.3d at 573-74).

Under these principles, federal courts in this circuit have applied the fraudulent joinder rule only in cases where it is indisputably clear (or "obvious," in the language in McCabe) that the plaintiff states no cause of action against the non-diverse defendant. See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067-68 (9th Cir. 2001) (affirming finding of fraudulent joinder in negligent misrepresentation action where nondiverse defendant's alleged misrepresentation was "devoid of any meaningful specificity," plaintiffs' past actions established that they "could not have reasonably relied upon such statement in any event," and a plaintiff's own affidavit "specifically denied that she ever discussed" the alleged matters with the defendant); Kruso v. Int. Tel. & Teleg. Co., 872 F.2d 1416, 1427 (9th Cir. 1989) (affirming finding of fraudulent joinder where "none of the plaintiffs were personally involved in any of the transactions in question," which "deprives plaintiffs of standing to sue defendants"); McCabe, 811 F.2d at 1339 (affirming finding of fraudulent joinder in tortious interference with contract action where nondiverse defendants had acted in managerial capacity and California law privileges agents' conduct done on principal's behalf in interference with contract actions) (citing Los Angeles Airways, Inc. v. Davis, 687 F.2d 321, 328 (9th Cir. 1982)); Maffei v. Allstate Cal. Ins. Co., 412 F. Supp. 2d 1049, 1053 (E.D. Cal. 2006) (dismissing

claims against nondiverse corporate defendant where evidence showed that defendant "has never conducted any business of any kind anywhere, has never been capitalized, has never had any assets, . . . has never had any employees, offices, or operations of any kind, . . . [and] in short, . . . is nothing more than an empty corporate shell created in anticipation of a business plan that was never carried out.") (internal quotations omitted); Brown v. Allstate Ins. Co., 17 F. Supp. 2d 1134, 1136-37 (S.D. Cal. 1998) (dismissing claims against nondiverse individual defendants where defendants were named in complaint caption and headings but "no material allegations against these defendants are made" and defendants' names were entirely absent from "the body of the complaint [due to] a typographical error"); Gasnik v. State Farm Ins. Co., 825 F. Supp. 245, 249 (E.D. Cal. 1992) (dismissing claims against nondiverse individual insurance agent where agent's relationship to plaintiff arose solely out of negotiation and execution of insurance contract; settled and obvious law provides that agents are not liable on contracts where they fully disclose the existence and identity of their principal) (citing Lippert v. Bailey, 241 Cal. App. 2d 376, 382 (1966); Cal. Labor Code § 2802)); Zoqbi v. Federated Dept. Store, 767 F. Supp. 1037, 1041-42 (C.D. Cal. 1991) (dismissing claims for breach of employment contract against nondiverse individual defendants, as defendants were plaintiff's managers and were not parties to the employment contract).

Basic "principles of comity and federalism," as well as the ever-important consideration of judicial economy, counsel that fraudulent joinder should not provide defendants with a "broad[] license to escape from state court." Smallwood, 385 F.3d at 576; see also Albi v. Street

& Smith Publications, 140 F.2d 310, 312 (9th Cir. 1944) ("In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the case in state court."). Parties should not be able to expand federal jurisdiction beyond its statutory boundaries by using fraudulent-joinder-based removal as a replacement for the state court demurrer.

Additionally, when there are multiple defendants and the plaintiff's complaint states factually similar allegations against all of the defendants, a finding of fraudulent joinder is necessarily intertwined with the substantive merits of the various causes of action. In such a case, "there is no improper joinder; there is only a lawsuit lacking in merit. . . . In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such." Smallwood, 385 F.3d at 574; see also Hunter, 582 F.3d at 1044-45 (quoting Smallwood for this proposition). In these situations, a finding of fraudulent joinder "effectively decide[s] the entire case." Smallwood, 385 F.3d at 571; see also Boyer v. Snap-on Tools Corp., 913 F.2d 108, 112 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991) (reversing district court where "the district court, in the guise of deciding whether the joinder was fraudulent, stepped from the threshold jurisdictional issue into a decision on the merits.") For purposes of determining whether the court may exercise its diversity jurisdiction, such a merits-based decision is improper. See Smallwood, 385 F.3d at 575 (citing Chesapeake & O.R. Co. v. Cockrell, 232 U.S. 146, 151-53 (1914); Alabama Great S. Ry. Co. v. Thompson, 200 U.S. 206, 218 (1906)).

**IV. DISCUSSION**

Defendant Cincinnati argues that National Construction is a fraudulently joined defendant for five reasons: (1) National Construction has been dissolved as a corporate entity, (2) National was an Illinois company that would not be subject to personal jurisdiction in California courts, (3) Plaintiff is not a party to the construction contract, (4) the construction contract contains an arbitration clause, and (5) there are no grounds for a joint and several judgment. Because it is not even clear from the Complaint or Notice of Removal which state's law governs this dispute, it is difficult to say that the relevant state law is "settled" and the complaint's deficiency is "obvious." For this reason alone, remand is proper. The Court will nevertheless address Defendant's claims in turn.[1]

**A. National Construction Service's Dissolution as a Corporation**

In California, causes of action against a dissolved corporation are enforceable against either the dissolved corporation or the shareholders. See Cal. Corps. Code § 2011(a) ("Causes of action against a dissolved corporation, whether arising before or after the dissolution of the corporation, may be enforced against any of the following: (A) Against the dissolved corporation. . . . (B) . . . against shareholders of the dissolved corporation. . . ."). Likewise, under Illinois Law the dissolution of a corporation "shall not take

---

[1] It is worth noting that this claim could have been brought as a counterclaim in the personal injury suit brought by Mr. Greco against National Construction, rather than as a separate action. Although Illinois has no compulsory counterclaims, Peregrine Fin. Group, Inc. v. Martinez, 712 N.E.2d 861, 868 (Ill. Ct. App. 1999), Plaintiff would have been well-advised to have brought this action as a counterclaim to National's third-party complaint for contribution in the personal injury suit.

8

away or impair any civil remedy available to or against such corporation . . . for any right or claim existing, or any liability incurred prior to such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution." 805 Ill. Comp. Stat. Ann. 5/12.80. Therefore, the dissolution of National Construction does not affect Plaintiff's ability to state a claim against it, particularly when National Construction entered a third-party contribution claim against Plaintiff in a pending Illinois state court action.

### B. Personal Jurisdiction

Although Defendant is probably correct that there is no personal jurisdiction over National Construction in California, this is not essential to the present inquiry.[2] Personal jurisdiction is a requirement that can be waived when a party consents to personal jurisdiction. See Fed. R. Civ. P. 12(h)(1). Although the Supreme Court has rejected a rigid requirement that courts address subject matter jurisdiction before they reach personal jurisdiction, in cases where "subject-matter jurisdiction will involve no arduous inquiry" the Court has said "both expedition and sensitivity to state courts'

---

[2] Defendant also contends that "there is nothing in the docket to suggest that Plaintiff has even attempted to serve NCS," thus indicating that National Construction was fraudulently joined. (Def.'s Response at 5.) Plaintiff provided documentation in response indicating that service was attempted on a corporation called National Construction Services, Inc., in Los Angeles, California but the process server was unable to effect service. The documents indicate that National Construction *was* served by certified mail at an address in Naperville, Illinois. (Pl.'s Response, Ex. A.) These facts support Defendant's contention that California has no personal jurisdiction over National Construction. But Plaintiff's choice of an improper forum does not automatically mean National is a sham defendant. Plaintiff's attempted service of National is, in fact, evidence that National is more than a fraudulently joined defendant.

1  coequal statute should impel the federal court to dispose of that issue
2  first." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587-88 (1999)
3  (emphasis added); see also Hertz Corp. v. Friend, 559 U.S. __, slip op.
4  at 15 (2010).  Because this Court determines that it is not "settled"
5  or "obvious" that National Construction is not a proper party in this
6  suit, it need not determine the issue of personal jurisdiction.
7  Furthermore, because National Construction could consent to personal
8  jurisdiction in California, its joinder in this lawsuit is not
9  obviously meritless.

    **C.    Party to the Contract**

Defendant's assertion that Plaintiff cannot recover under the contract because Safeway, not Plaintiff, was possibly a party to the contract ignores the possibility that Plaintiff was a third-party beneficiary to the contract. See Rest. (2d) of Contracts § 302 ("[A] beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties. . . . ").  A determination of whether Plaintiff is entitled to recovery on the contract either as a subsidiary of Safeway or as an intended or third-party beneficiary goes to the merits of this dispute as against both defendants.  Such an inquiry is improper at this stage.  See Smallwood, 385 F.3d at 575.  In addition, Defendant points to no "settled" law that would prevent Plaintiff from recovering on the contract.  See McCabe, 811 F.3d at 1339.

    **D.    Arbitration Clause**

Defendant claims that joinder of National Construction is fraudulent because Plaintiff's claim against National "simply has no

chance of success" since arbitration is required. (Def.'s Response at 6 (quoting Poulis v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992).) But "[i]t is well-established that unconscionability is a generally applicable contract defense, which may render an arbitration provision unenforceable." Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1280 (9th Cir. 2006) (en banc). Determination of whether an arbitration provision is unconscionable requires a federal court to apply "relevant state contract law principles." Jackson v. Rent-A-Center West, Inc., 581 F.3d 912 (9th Cir. 2009) *cert. granted*, __ S. Ct. __, 2010 WL 144073 (Jan. 15, 2010).

Indeed, litigants have come to recognize "California courts' open hostility to arbitration." AT&T Mobility LLC v. Concepcion, Brief Amicus Curiae of Pacific Legal Foundation, Amazon.com, Inc., and EarthLink, Inc., in Support of Petition for Writ of Certiorari, 2010 WL 673840, at *2-3 (Feb. 23, 2010). In an empirical study, one commentator "identified 114 cases in which the California Courts of Appeal considered the unconscionability of arbitration contracts; in fifty-three of those cases, the arbitration provision was held unconscionable and unenforceable and another thirteen found some aspect of the arbitration provision to be unconscionable and severed it. [Only] [f]orty-eight cases upheld the arbitration contract." Id. at *9-10 (citing Stephen A. Broome, *An Unconscionable Application of the Unconscionability Doctrine: How the California Courts Are Circumventing the Federal Arbitration Act*, 3 Hastings Bus. L.J. 39, 44-45, 47 (2006)). Applying these insights to the present case, it is clear that Defendant cannot meet its burden under McCabe of showing that the

arbitration clause is "obviously" valid and enforceable under "settled" California law.

In any event, this issue goes to the merits of the suit, and is not relevant to the initial inquiry into this Court's subject matter jurisdiction. See Smallwood, 385 F.3d at 575. Although an analysis of the governing law might require the parties to engage in arbitration, this possibility is not sufficient to meet Defendant's "heavy burden" in showing that joinder was improper. See Hunter, 582 F.3d at 1044 (quoting Smallwood, 385 F.3d at 573-74).

### E. Joint and Several Liability

"Where multiple tortfeasors are responsible for an indivisible injury suffered by the plaintiff, each tortfeasor is jointly and severally liable to the plaintiff for those damages and thus may be held individually liable to the injured plaintiff for the entirety of such damages." Expressions at Rancho Niguel Ass'n v. Ahmanson Devs., Inc., 86 Cal. App. 4th 1135, 1139 (Ct. App. 2001). Defendant claims Plaintiff has asserted joint and several liability, and cites correct authority that California courts have not extended joint and several liability to cases arising out of a contract that do not sound in tort. Defendant says, "A joinder is fraudulent if there is no intention to seek a joint judgment an there is no colorable ground for so claiming." (Def.'s Response at 6 (citing Lewis v. Time, Inc., 83 F.R.D. 455, 460 (E.D. Cal. 1979), aff'd 710 F.2d 549 (9th Cir. 1983)).)

This case, however, does not involve joint and several liability arising out of a single wrong. Plaintiff has not alleged that Defendants jointly caused Plaintiff's injury. Nor is Plaintiff seeking to hold National Construction and Cincinnati Insurance jointly and

severally liable. Defendants need not be jointly and severally liable in order for Plaintiff to name them both in a suit. In addition, Plaintiff has alleged that Cincinnati Insurance and National Construction owe Plaintiff separate and independent obligations: one as a result of Plaintiff's status as a third-party beneficiary to the indemnity provision of the construction contract, and the other as a result of Plaintiff's status as an "additional insured" under the insurance policy. Therefore, National Construction is not a sham defendant.

**V.  CONCLUSION**

Because both Plaintiff and National Construction Services are Illinois residents, diversity is lacking. See 28 U.S.C. § 1332. The Court ORDERS that the action be REMANDED to state court pursuant to 28 U.S.C. § 1447(c).


IT IS SO ORDERED.


DATED: March 9, 2010

STEPHEN V. WILSON

UNITED STATES DISTRICT JUDGE